# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No! O-4442
Re: Should the Harman Flying School
Corporation pay a $50.00 filing
fee or a $10.00 filing fee under
the facts stated?

Your letter of February 17, 1942, requesting the opinion of this department on the above stated question reads as follows:

"On July 21, 1941 we wrote you in regard to the filing fee to be charged in connection with a charter for Harman Flying School. On July 23rd you sent us a copy of Opinion No. C-1028, in which it was held that Taxpayers Association of Nacogdoches County was not an educational undertaking.

"The reasoning and the result reached in that opinion do not apply in the case of the Harman Flying School, which is admittedly an educational corporation, in that it is instructing flyers.

"The question raised by this department was whether the fact that the corporation was organized for profit, even though it was educational, should be sufficient to require the payment of the $50.00 filing fee or whether the fact that the corporation was educational would require the $10.00 filing fee and an exemption from franchise tax.

"We would appreciate a re-consideration of this question as the larger filing fee and

Honorable Will Mann Richardson, Page 2

franchise tax have been paid by the corpora-
tion and we are undecided whether to refund
all over $10.00 which they remitted."

Article 1302, Vernon's Annotated Civil Statutes,
sets out various purposes for which corporations may be
created in this State. Subdivision 2 of this article is in
the following language:

"2. The support of any benevolent, char-
itable, educational or missionary undertaking"

The purpose clause of the charter of the above
mentioned corporation is in the following language

"The purpose for which it is formed is
support of any educational undertaking, as
thorized by Subdivision 2 of Article 1302 he
Revised Civil Statutes of Texas, including
construction and the maintenance of a scho or
the education of airplane pilots and mech,
both commercial and military, and especia he
establishment and maintenance of an Army
ing center for the training of Air Corps
in connection with the National Defense
at an airport near Ballinger, Runnels Co
Texas, and at such other places in the of
Texas, or any other state, as the board
rectors of the corporation may from ti ime
direct."

The above named corporation has al stock of
$80,000.00 and is organized for profit.

Article 3914, Vernon's Annotated Statutes,
provides in part:

". . . .

"Upon filing each charter, ame r
supplement thereto, of a corporatic
support of public worship, any ben ry
charitable, educational, missionar or
or scientific undertaking, the ma ery
a library, the promotion of a publi
not for profit and the encourage rs
culture and horticulture, to aid

Honorable Will Mann Richardson, Page 3

in producing and marketing agricultural products, or for acquiring, raising, breeding, fattening or marketing live stock, a filing fee of Ten ($10.00) Dollars, and for filing the semi-annual financial statement of such agricultural products or live stock corporation, Ten ($10.00) Dollars, which shall include the annual license fee.

"Upon filing each charter, amendment or supplement thereto, of a private corporation created for any other purpose intended for mutual profit or benefit, a filing fee of Fifty ($50.00) Dollars, provided that if the authorized capital stock of said corporation shall exceed Ten Thousand ($10,000.00) Dollars it shall be required to pay an additional fee of Ten ($10.00) Dollars for each additional Ten Thousand ($10,000.00) Dollars of its authorized capital stock or fractional part thereof after the first.

". . ."

Article 7094, Vernon's Annotated Civil Statutes, reads as follows:

"The franchise tax imposed by this chapter shall not apply to any insurance company, surety, guaranty or fidelity company, or any transportation company, or any sleeping, palace car and dining car company which is now required to pay an annual tax measured by their gross receipts, or to corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town, or to corporations organized for the purpose of religious worship, or for providing places of burial not for private profit, or corporations organized for the purpose of holding agricultural fairs and encouraging agricultural pursuits, or for strictly educational purposes, or for purely public charity."

It was said in the case of Conley v. Daughters of the Republic, 156 S. W. 197 (Sup. Ct. Tex.), that:

". . . The second subdivision of Article 1121, Revised Statutes, reads: 'The purpose for which private corporations may be formed: . . . (2) The support of any benevolent, charitable, educational or missionary undertaking.' The purpose of this corporation is clearly educational. Whatever educates is within the meaning of educational undertaking. Education in the sense as used in the statute includes: 'In its broadest sense, . . . not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical; is not limited to the ordinary instruction of the child in the pursuits of literature. . . . And it is sometimes used as synonymous with learning.' . . ."

We call your attention to conference opinion No. 2011, written March 26, 1919, by Honorable C. W. Taylor, Assistant Attorney General, and addressed to Honorable Geo. F. Howard, Secretary of State, which we think supports the conclusion reached in this opinion. We are enclosing a copy of said opinion for your convenience.

In view of the foregoing authorities it is our opinion that the above named corporation is one organized for strictly educational purposes and comes within the exemption mentioned in Article 7094, supra, and is therefore exempt from the payment of a franchise tax. It is our further opinion that by virtue of Article 3914, supra, said corporation should pay the $10.00 filing fee as an educational institution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED MAR 4 1943

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO

ENCLOSURE